IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV - 3 2010

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| THOMPSON HINE LLP,<br>    an Ohio limited liability partnership,<br>    1920 N Street, N.W., Suite 800<br>    Washington, D.C. 20036,<br><br>                    Plaintiff,<br><br>v.<br><br>SMOKING EVERYWHERE, INC.,<br>    a Florida corporation headquartered at<br>    1500 Weston Road, Suite 200<br>    Weston, Florida 33326,<br><br>and<br><br>ELICKO TAIEB,<br>    an individual citizen of Florida residing at<br>    4916 S.W. 162nd Avenue,<br>    Miramar, Florida 33027,<br><br>                    Defendants. | Case No.<br><br>Case: 1:10-cv-01877<br>Assigned To : Collyer, Rosemary M<br>Assign. Date : 11/3/2010<br>Description: Contract |

## COMPLAINT

Thompson Hine LLP ("Thompson Hine"), for its Complaint against Smoking Everywhere, Inc. ("SE") and Elicko Taieb ("Taieb") (collectively, "Defendants"), states as follows:

### NATURE OF ACTION

1.    This is an action for damages arising out of Defendants' breaches of their contracts to pay Thompson Hine for legal services and costs associated with Thompson Hine's representation of SE in a lawsuit against the United States Food and Drug Administration in the United States District Court for the District of Columbia, and of both Defendants in a lawsuit

1

filed against Defendants by the Oregon Attorney General in the Circuit Court for Marion County, Oregon.

## THE PARTIES

2.      Thompson Hine LLP is an Ohio limited liability partnership with its headquarters and principal place of business located at 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114-1291. None of the partners in the limited liability partnership are citizens of Florida and Thompson Hine maintains no offices in Florida. Thompson Hine's Washington, D.C. office is located at 1920 N Street, N.W., Suite 800, Washington, D.C. 20036.

3.      Defendant Smoking Everywhere, Inc. is a Florida corporation with its principal place of business located at 1500 Weston Road, Suite 200, Weston, Florida 33326. SE is an importer and distributor of a product known as "electronic cigarettes" ("e-cigarettes") and e-cigarette accessories.

4.      Defendant Elicko Taieb is an individual citizen of Florida residing at 4916 S.W. 162nd Avenue, Miramar, Florida. Taieb is the majority owner, president, and CEO of Smoking Everywhere.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as an action between citizens of different States where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), as the District in which a substantial part of the events or omissions giving rise to the claim occurred.

7.      This Court has personal jurisdiction over Defendants pursuant to D.C. Code § 13-423(a)(1), as the claims arise from Defendants' transacting business in the District of Columbia.

## FACTUAL ALLEGATIONS

8.     On or about March 19, 2009, Taieb induced Plaintiff to enter into representation of Defendant SE.  Taieb, in his role as President of SE, executed a Retainer Agreement pursuant to which SE retained Thompson Hine "to represent [SE] in connection with the review and development of legal arguments pertaining to the sale and distribution of its electronic cigarette product."  (A true and correct copy of the March 17, 2009 Retainer Letter is attached hereto as **Exhibit A**.)  The Retainer Agreement went on to specify that, "[i]f our firm performs additional services on behalf of Smoking Everywhere, Inc., the provisions of this engagement letter will apply to those services and to the applicable matters, unless the provisions contained in this letter are expressly modified or supplemented in writing by our firm."  (Id.)

9.     The Retainer Agreement also specified that "[a]ll statements for services rendered are payable upon receipt, unless other arrangements have been made with the firm in advance.  If your payment is delayed beyond 30 days, interest at 1.0% a month will accrue on the unpaid amount, and you may be billed for such accrued interest."

10.    Thompson Hine represented SE in a dispute with the United States Food and Drug Administration ("FDA") regarding the importation and classification of SE's electronic cigarettes and accessories.  Eventually, when the issue could not be resolved with the FDA short of litigation, SE requested Thompson Hine to prepare a complaint challenging the FDA's actions and to file the complaint in the United States District Court for the District of Columbia.

11.    On April 28, 2009, Thompson Hine filed on SE's behalf a Verified Complaint for Declaratory and Injunctive Relief and Temporary Restraining Order against the FDA and various federal government officials.

12.     Thompson Hine, at SE's direction, diligently and successfully pursued the issuance of a preliminary injunction against the FDA's actions throughout the Spring and Summer of 2009, culminating in the issuance of a preliminary injunction order against the FDA.

13.     Thompson Hine issued monthly invoices to SE for services performed pursuant to the Retainer Agreement.  A full listing of the dates of these invoices and the payments made thereon is attached hereto as **Exhibit B**.

14.     Starting in approximately May 2009, SE failed to make payments within the 30-day period as it had promised.  In total, $375,250.65 remains due and owing for legal services and disbursements for costs provided by Thompson Hine pursuant to the Retainer Agreement.

15.     Additionally, on or about November 6, 2009, SE and Taieb (individually) entered into a second retainer agreement (the "Oregon Retainer Agreement") with Thompson Hine whereby SE and Taieb retained Thompson Hine to represent them "in connection with the defense of an action brought by the Attorney General of Oregon against Smoking Everywhere Inc. and Elicko Taieb alleging violations of Oregon's Unlawful Trade Practices Act."  (A true and correct copy of the Oregon Retainer Agreement is attached hereto as **Exhibit C**.)

16.     The relevant provisions of the Oregon Retainer Agreement regarding billing and payment are identical to those of the general Retainer Agreement described above.

17.     The Oregon Retainer Agreement is signed by Taieb in his individual capacity and by Ray Story, SE's vice-president and authorized representative.

18.     Among other actions taken in the Oregon case, Thompson Hine filed a motion to dismiss that resulted in Taieb's dismissal from the lawsuit and the dismissal of portions of the claims against SE.

19.     Thompson Hine issued monthly invoices to SE and Taieb for services performed pursuant to the Oregon Retainer Agreement.  A full listing of the dates of these invoices and the payments is found in Exhibit B.  (Invoices issued pursuant to the Oregon Retainer Agreement are listed as "Attorney General Proceedings" under the "Description" heading.)

20.     SE and Taieb failed to make any payments on the above-listed invoices within the 30-day period they had promised.  All of Thompson Hine's invoices issued pursuant to the Oregon Retainer Agreement remain outstanding and have not been paid as of the date of this filing.

21.     In total, $105,494.36 remains due and owing for legal services and costs provided by Thompson Hine pursuant to the Oregon Retainer Agreement.

22.     In total, SE owes Thompson Hine $480,745 for legal services performed and costs advanced pursuant to the Retainer Agreement and the Oregon Retainer Agreement.  The entirety of these fees and costs is currently due and owing.

23.     Taieb is jointly and severally liable to Thompson Hine for $105,494.36 for legal services performed and costs advanced pursuant to the Oregon Retainer Agreement.  The entirety of these fees and costs is currently due and owing.

24.     Upon information and belief, Taieb has also rendered SE incapable of paying the amounts that it owes Thompson Hine pursuant to the Retainer Agreement and the Oregon Retainer Agreement by misappropriating substantially all of the revenues and assets of SE to his personal use in violation of his duties to the company and for purposes of defrauding creditors.

25.     Upon information and belief, such transfers of the revenues and assets of SE to Taieb's personal use entitle Thompson Hine to "pierce the corporate veil" as to SE and to recover

from Taieb not only those amounts currently due and owing under the Oregon Retainer Agreement, but also those amounts due and owing by SE under the Retainer Agreement.

26.    The transfers of the revenues and assets of SE to Taieb's personal use constitute fraudulent transfers and entitle Thompson Hine to recover from Taieb not only those amounts currently due and owing under the Oregon Retainer Agreement, but also those amounts due and owing by SE under the Retainer Agreement.

**COUNT I**
**(Breach of Contract by Smoking Everywhere)**

27.    Plaintiff incorporates by reference the averments of Paragraphs 1-26 above, as if fully set forth herein.

28.    The terms of the Retainer Agreement and the Oregon Retainer Agreement are reasonable, valid, and enforceable.

29.    Thompson Hine has performed all of its obligations under the terms of the Retainer Agreement and the Oregon Retainer Agreement.

30.    SE has materially breached both the Retainer Agreement and the Oregon Retainer Agreement by failing to remit payment for services performed and costs advanced in a timely manner.

31.    SE has materially breached the Retainer Agreement by failing to make payments of $375,250.65 for legal services and costs provided pursuant to the Retainer Agreement.

32.    SE has materially breached the Oregon Retainer Agreement by failing to make payments of $105,494.36 for legal services and costs provided pursuant to the Oregon Retainer Agreement.

33.    Thompson Hine has suffered damages as a consequence of SE's material breaches.

## COUNT II
### (Breach of Contract by Taieb)

34.     Plaintiff incorporates by reference the averments of Paragraph 1-26 above, as if fully set forth herein.

35.     The terms of the Oregon Retainer Agreement are reasonable, valid, and enforceable.

36.     Thompson Hine has performed all of its obligations under the Oregon Retainer Agreement.

37.     Taieb has materially breached the Oregon Retainer Agreement by failing to remit payment for services performed and costs advanced in a timely manner.

38.     Taieb has materially breached the Oregon Retainer Agreement by failing to make payments of $105,494.36 for legal services and costs provided pursuant to the Oregon Retainer Agreement.

39.     Taieb is jointly and severally liable with SE for the above-referenced breaches of the Oregon Retainer Agreement.

40.     Thompson Hine has suffered damages as a result of Taieb's material breaches.

41.     Upon information and belief, Taieb, SE's majority shareholder, CEO, and president, failed to follow corporate formalities and properly maintain separate accounts, books, and records, in his management of SE.

42.     Upon information and belief, Taieb has abused his position as majority shareholder, CEO, and president of SE and misappropriated substantially all of the revenues and assets of SE to his personal use while failing to ensure that SE's debts, including SE's debts to Thompson Hine, were paid.

43.     Taieb's actions entitle Thompson Hine to pierce the corporate veil and to recover from Taieb personally those amounts due from SE to Thompson Hine pursuant to the terms of the Retainer Agreement and Oregon Retainer Agreement.

**COUNT III**
**(Fraudulent Transfer in violation of D.C. Code § 23-3104)**

44.     Plaintiff incorporates by reference the averments of Paragraph 1-43 above, as if fully set forth herein.

45.     Upon information and belief, Taieb caused SE to transfer to Taieb SE's revenues and assets with actual intent to hinder, delay, or defraud Thompson Hine in violation of D.C. Code § 23-3104(a)(1).

46.     Upon information and belief, Taieb caused SE to transfer to Taieb SE's revenues and assets without providing a reasonably equivalent value in exchange for the transfer and believed or reasonably should have believed that SE would incur debts beyond SE's ability to pay as they became due in violation of D.C. Code § 23-3104(a)(2).

47.     Thompson Hine has suffered damages as a result of SE's fraudulent transfer(s) to Taieb.

48.     Thompson Hine is entitled to avoidance of the transfer(s) from SE to Taieb to the extent necessary to satisfy Thompson Hine's claims pursuant to D.C. Code § 28-3107(a)(1).

49.     Thompson Hine is entitled to attachment of the assets or revenues transferred from SE to Taieb to the extent necessary to satisfy Thompson Hine's claims pursuant to D.C. Code § 28-3107(a)(2).

50.     Thompson Hine is entitled to an injunction against further disposition by SE and Taieb of assets, revenues, or other property sufficient to satisfy Thompson Hine's claims, and to the appointment of a receiver to take charge of the assets and property of SE and Taieb, as well

as any other equitable or injunctive relief that may be required pursuant to D.C. Code § 28-3107(a)(3).

**COUNT IV**
**(Fraudulent Transfer in violation of D.C. Code § 23-3105(a))**

51.     Plaintiff incorporates by reference the averments of Paragraph 1-43 above, as if fully set forth herein.

52.     Upon information and belief, Taieb caused SE to transfer to Taieb SE's revenues and assets after Thompson Hine's claim arose.

53.     Upon information and belief, SE did not receive a reasonably equivalent value in exchange for the transfer(s) to Taieb.

54.     Upon information and belief, SE was insolvent at the time or became insolvent as a result of the transfer(s) to Taieb.

55.     Thompson Hine has suffered damages as a result of SE's fraudulent transfer(s) to Taieb.

56.     Thompson Hine is entitled to avoidance of the transfer(s) from SE to Taieb to the extent necessary to satisfy Thompson Hine's claims pursuant to D.C. Code § 28-3107(a)(1).

57.     Thompson Hine is entitled to attachment of the assets or revenues transferred from SE to Taieb to the extent necessary to satisfy Thompson Hine's claims pursuant to D.C. Code § 28-3107(a)(2).

58.     Thompson Hine is entitled to an injunction against further disposition by SE and Taieb of assets, revenues, or other property sufficient to satisfy Thompson Hine's claims, and to the appointment of a receiver to take charge of the assets and property of SE and Taieb, as well as any other equitable or injunctive relief that may be required pursuant to D.C. Code § 28-3107(a)(3).

<u>COUNT V</u>
**(Fraudulent Transfer in violation of D.C. Code § 23-3105(b))**

59.     Plaintiff incorporates by reference the averments of Paragraph 1-43 above, as if fully set forth herein.

60.     Upon information and belief, Taieb caused SE to transfer to Taieb SE's revenues and assets after Thompson Hine's claim arose.

61.     Taieb qualifies as an "insider" within the meaning of D.C. Code §§ 28-3101(7) 28-3105(b) and, upon information and belief, the transfer(s) were purportedly made for an antecedent debt.

62.     Upon information and belief, SE was insolvent at the time or became insolvent as a result of the transfer(s) to Taieb.

63.     Upon information and belief, Taieb had reasonable cause to believe that SE was insolvent.

64.     Thompson Hine has suffered damages as a result of SE's fraudulent transfer(s) to Taieb.

65.     Thompson Hine is entitled to avoidance of the transfer(s) from SE to Taieb to the extent necessary to satisfy Thompson Hine's claims pursuant to D.C. Code § 28-3107(a)(1).

66.     Thompson Hine is entitled to attachment of the assets or revenues transferred from SE to Taieb to the extent necessary to satisfy Thompson Hine's claims pursuant to D.C. Code § 28-3107(a)(2).

67.     Thompson Hine is entitled to an injunction against further disposition by SE and Taieb of assets, revenues, or other property sufficient to satisfy Thompson Hine's claims, and to the appointment of a receiver to take charge of the assets and property of SE and Taieb, as well

as any other equitable or injunctive relief that may be required pursuant to D.C. Code § 28-3107(a)(3).

WHEREFORE, Plaintiff, Thompson Hine LLP, demands that a judgment be entered in its favor and against Defendants Smoking Everywhere, Inc. and Elicko Taieb:

A.      Awarding compensatory damages in the amount of $480,745 against Smoking Everywhere and Taieb, jointly and severally, for the breaches of the Retainer Agreement and Oregon Retainer Agreement and Taieb's fraudulent transfers and misappropriation of Smoking Everywhere's assets and revenues to himself; and

B.      Awarding pre- and post-judgment interest; and

C.      Preliminarily and permanently attaching assets and property of Smoking Everywhere and Taieb sufficient to satisfy their debt to Thompson Hine; and

D.      Preliminarily and permanently enjoining Smoking Everywhere and Taieb from further alienating or disposing of assets and property in an amount equal to their debt to Thompson Hine; and

E.      Granting such other and further relief as is necessary and appropriate.

# EXHIBIT A

# THOMPSON HINE

| ATLANTA | CINCINNATI | COLUMBUS | NEW YORK |
| BRUSSELS | CLEVELAND | DAYTON | WASHINGTON, D.C. |

## ENGAGEMENT LETTER

March 17, 2009

Mr. Elicko Taleb
Smoking Everywhere, Inc.
5600 NW 102nd Avenue
Sunrise, FL  33351

Dear Elicko:

On behalf of Thompson Hine LLP, I am writing to thank you for the opportunity to work with you and Smoking Everywhere, Inc..

At the outset of a new matter, we believe it is important to have a mutual understanding of how we will work together to accomplish your objectives. To do this, we customarily prepare an engagement letter that generally utilizes the following format.  The purpose of this engagement letter is to memorialize in writing the identity of our client, the scope and nature of services we have been asked to provide (including any limitations in that regard), and to agree with you on the terms for the provision of our services.  This engagement letter will also explain Thompson Hine LLP's fees, expenses charged to clients, billing policies, and payment terms.

 I trust you will accept my use of this relatively standard form letter; our firm wishes to be sure that all of our clients receive comparable information regarding new engagements. Our firm is committed to providing top quality legal representation and services customized to meet the needs of each client, and we very much look forward to working with you [and your colleagues].  If you have any questions about the provisions of this engagement letter, or if you want to discuss possible modifications, please call me immediately.

### Client and Scope of Representation

Our client in this matter will be Smoking Everywhere, Inc. and not any of its individual officers, directors, or members/shareholders. This letter confirms our understanding that we have been engaged to represent Smoking Everywhere, Inc. in connection with the review and development of legal arguments pertaining to the sale and distribution of its electronic cigarette product. If our firm performs additional services on behalf of Smoking Everywhere, Inc., the provisions of this engagement letter will apply to those services and to the applicable matters, unless the provisions contained in this letter are expressly modified or supplemented in writing by our firm.

### Legal Fees and Staffing

In order to provide the highest quality legal services in an efficient, cost-effective manner, we involve attorneys and legal assistants at our firm with the experience appropriate to the task at hand. Each

THOMPSON HINE LLP
ATTORNEYS AT LAW

One Atlantic Center, Suite 2200
1201 West Peachtree Street
Atlanta, Georgia 30309-3449

www.ThompsonHine.com
Phone  404.541.2900
Fax  404.541.2905

# THOMPSON HINE

Smoking Everywhere, Inc.
Page 2

individual timekeeper has been assigned an hourly billing rate that is generally based on his or her experience and specialized knowledge.

My standard billing rate is $605.00 per hour. Billing rates for other attorneys and legal assistants in the firm currently range from $185 to $650 per hour. These billing rates are reviewed and revised from time to time to reflect changes in levels of experience and various economic factors. In providing legal services, we may decide that it is necessary or appropriate to involve attorneys and legal assistants whose rates are different than mine, and we will make those decisions with a view to your objective that we provide services in a cost-effective manner. Our profession's Rules of Professional Conduct generally permit a law firm to consider the following factors in pricing legal services, in addition to regular hourly rates: the novelty and difficulty of the question involved; the skill required to perform the legal services; the likelihood that acceptance of employment will preclude other employment; the fee customarily charged in the locality for similar services; and the amount involved and results obtained. Time limitations imposed by the client or by other circumstances may also be considered in determining an appropriate fee. We may consider any or all of these factors when submitting billings for our services.

Charges and Disbursements

Certain charges and expenses incurred on a client's behalf in rendering legal services, such as long distance telephone calls, facsimile, photocopying, messenger and delivery charges, computerized research, travel expenses, filing fees, and the like, are payable by the client, either directly or by reimbursing our firm. Fees and expenses of others (such as consultants, expert witnesses, appraisers, and local counsel) will not be paid by us, but will be forwarded directly to you for payment unless we have a different arrangement in writing. Enclosed is a copy of our policy statement for billing disbursements and charges other than fees for legal services.

Electronic Communication

We communicate from time to time with our clients using facsimile machines, mobile telephones, and e-mail. These forms of communication are not completely secure against unauthorized access. There is some risk of disclosure and loss of attorney-client privilege in using these forms of communication, because they do not ensure the confidentiality of their contents. If you object to our using any one or more of these forms of communication, please let me know immediately, and we will attempt to honor that request.

Travel

All air travel within the continental United States will be at coach fare unless prior approval is obtained from you. Train travel will be charged at our direct out-of-pocket cost. Automotive travel will be subject to reimbursement at the IRS guideline amount or the direct out-of-pocket cost.

# THOMPSON HINE

Smoking Everywhere, Inc.
Page 3

## Billing

Statements for services rendered and costs advanced by the firm are rendered to clients monthly.  In addition, the firm often sends its clients a monthly statement of account, itemizing amounts outstanding as of the date the statement is prepared.

## Payment

All statements for services rendered are payable upon receipt, unless other arrangements have been made with the firm in advance.  If your payment is delayed beyond 30 days, interest at 1.0% per month will accrue on the unpaid amount, and you may be billed for such accrued interest.  Thompson Hine LLP reserves the right to withdraw as counsel for any client that fails to pay bills in a timely manner.

## Retainer

It is customary in the provision of legal services to obtain a retainer from clients.  Therefore, please send to my attention an initial retainer of $7500.00.   The firm will hold these funds for a short time as an advance payment for fees and costs incurred on your behalf in this manner.  We will deposit the funds in a special trust account designated under Georgia law, the "Interest On Lawyer Trust Account" ("IOLTA").  We will deduct fees and costs from the retainer as you incur them, and you will be expected to replenish the retainer in the amount of the deduction on a monthly basis.  All statements in excess of the retainer are payable upon receipt, unless other arrangements have been made with the firm.  If, on completion of the above referenced matter or the termination of our representation under and pursuant to this engagement letter, the total amount of the legal fees and costs is less than the retainer that is then held in the IOLTA account, we will promptly refund the balance to you.

## Client Responsibilities

By agreeing to and accepting our representation as described in this letter, you agree to cooperate fully with us and to provide promptly all information known or available to you relevant to our representation.  You will be available to attend meetings, conferences, hearings, and other proceedings on reasonable notice, and you agree to stay fully informed on all developments relating to all matters as to which we have been engaged.  You also agree to pay our statements for services rendered and charges in accordance with the terms of this letter.

## Term of Engagement

Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable Rules of Professional Conduct.  In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter and, if you so request, we will suggest to you possible successor counsel and provide it with whatever papers you have

# THOMPSON HINE

Smoking Everywhere, Inc.
Page 4

provided to us. If permission for withdrawal is required by a court, we will promptly apply for such permission, and we will assist you as you may desire to engage successor counsel to represent you.

Unless previously terminated, our representation of Smoking Everywhere, Inc. will terminate upon our sending you our final statement for services rendered. During our representation and following such termination, any otherwise nonpublic information you have supplied to us that is retained by us will be kept confidential in accordance with Applicable Rules of Professional Conduct. At your request, your papers and property will be returned to you. Our own files, including lawyer work product, pertaining to the matter will be retained by the firm. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. In order to minimize unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement or the completion of the particular matter.

You are engaging our firm to provide legal services in connection with the development of certain legal arguments pertaining to the sale and distribution of an electronic cigarette. After completion of our analysis, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities. Unless you actually engage us after the completion to provide additional advice on issues arising from our services, the firm has no continuing obligation to advise you with respect to future legal or other developments.

Conflicts

Before preparing this engagement letter, we have conducted an internal check of our records to determine whether or not a conflict may exist with one or more of our existing clients. Based on that check, it appears that no such conflict exists.

Under our profession's Rules of Professional Conduct, we must have undivided loyalty to our clients. This requirement means that a lawyer must refuse to accept or continue employment if the interests of another client may impair the independent professional judgment of the lawyer. In this regard, Thompson Hine LLP represents many other companies and individuals. It is possible that during the time that we are representing Smoking Everywhere, Inc., some of our present or future clients will have disputes or transactions with Smoking Everywhere, Inc.. As a result of these disputes or transactions, conflicts of interest may arise, and, when they do, we will address them with you in a manner consistent with our obligations under the Rules. In circumstances in which the Rules relating to conflicts dictate that we do not represent the other client, we will not do so. In circumstances in which a waiver may be solicited, we may solicit a waiver from you. In circumstances in which a waiver is not required, we may represent the other client. We will protect, however, as required by these Rules, your confidential information or documents entrusted to our care.

# THOMPSON
# HINE

Smoking Everywhere, Inc.
Page 5

Identification Number

Thompson Hine LLP's tax identification number is 340575300.

Questions

Please discuss with me any questions you have about any of our services or any statements rendered to you.

The purpose of this letter is to avoid any misunderstanding with respect to the terms of our engagement and the rendering of legal services by Thompson Hine LLP. I ask that you please sign the enclosed copy of this letter on its last page and return it to me. Again, if you have any questions, please call me.

We truly appreciate this opportunity, and I look forward to working with you and your organization.

Very truly yours,

Walt Addison Linscott

Enclosures:        Billing & Disbursement Statement
                   Counterpart Copy of Letter

AGREED TO AND ACCEPTED:

Smoking Everywhere, Inc.

By: 

Name: 

Title:        Pres

Date:   3/19/09

# EXHIBIT B



# THOMPSON HINE

ATLANTA    CINCINNATI    COLUMBUS    NEW YORK
BRUSSELS    CLEVELAND    DAYTON    WASHINGTON, D C

**Reminder Statement**

Smoking Everywhere, Inc.
c/o Elicko Taieb
1500 Weston Road, Suite 200
Weston, FL 33326

**Account Balance as of: 5/31/2010**
Client Number: 075954

Supervising Attorney:  Walt A. Linscott

**If payment has been remitted, kindly disregard this notice.**

Below is a statement of your account. Please review those items that are past due and then remit the balance in full today.

If you have any questions regarding this statement, please contact our Client Services Representative at
1-800-566-6726.  We are pleased to be of service to you.  Thank you.

### Matter Summary

| Matter | Description | Invoice | Date | Original Balance | Payments /Credits | Balance |
|--------|-------------|---------|------|------------------|-------------------|---------|
| 075954.00002 | Regulatory Compliance | 2320545 | 5/13/2009 | $146,371.10 | $9,415.50 | $136,955.60 |
| 075954.00002 | Regulatory Compliance | 2326405 | 6/19/2009 | $95,986.75 | $45,000.00 | $50,986.75 |
| 075954.00002 | Regulatory Compliance | 2330313 | 7/17/2009 | $41,832.92 | $0.00 | $41,832.92 |
| 075954.00002 | Regulatory Compliance | 2333623 | 8/10/2009 | $25,157.18 | $0.00 | $25,157.18 |
| 075954.00002 | Regulatory Compliance | 2338334 | 9/11/2009 | $47,556.39 | $0.00 | $47,556.39 |
| 075954.00002 | Regulatory Compliance | 2342620 | 10/7/2009 | $20,694.70 | $0.00 | $20,694 70 |
| 075954.00002 | Regulatory Compliance | 2351470 | 12/8/2009 | $1,302.00 | $0.00 | $1,302.00 |
| 075954.00002 | Regulatory Compliance | 2356600 | 1/22/2010 | $2,280.00 | $0.00 | $2,280.00 |
| 075954.00002 | Regulatory Compliance | 2359554 | 2/10/2010 | $17,713.75 | $0.00 | $17,713.75 |
| 075954.00002 | Regulatory Compliance | 2363993 | 3/12/2010 | $29,423.93 | $0.00 | $29,423.93 |
| 075954.00002 | Regulatory Compliance | 2373438 | 5/14/2010 | $1,347 44 | $0.00 | $1,347.44 |
| 075954.00003 | Attorney General Proceedings | 2330314 | 7/17/2009 | $13,952.33 | $0.00 | $13,952.33 |
| 075954.00003 | Attorney General Proceedings | 2333543 | 8/10/2009 | $2,435.00 | $0 00 | $2,435.00 |
| 075954.00003 | Attorney General Proceedings | 2342621 | 10/7/2009 | $17,746.95 | $0.00 | $17,746.95 |
| 075954.00003 | Attorney General Proceedings | 2351471 | 12/8/2009 | $30,082.50 | $0.00 | $30,082 50 |
| 075954.00003 | Attorney General Proceedings | 2356601 | 1/22/2010 | $817.50 | $0 00 | $817.50 |
| 075954.00003 | Attorney General Proceedings | 2359555 | 2/10/2010 | $14,772.49 | $0.00 | $14,772.49 |
| 075954.00003 | Attorney General Proceedings | 2363994 | 3/12/2010 | $25,475.08 | $0.00 | $25,475.08 |
| 075954.00003 | Attorney General Proceedings | 2369459 | 4/20/2010 | $212.50 | $0.00 | $212.50 |

**Total Due: $480,745.01**

Client Unapplied Credits:  $0.00

### Outstanding Invoice Aging

| Date | Invoice | 0 – 30 Days | 31 - 60 Days | 61 – 90 Days | > 90 Days | Total |
|------|---------|-------------|--------------|--------------|-----------|-------|
| 5/13/2009 | 2320545 | | | | $136,955.60 | $136,955.60 |
| 6/19/2009 | 2326405 | | | | $50,986.75 | $50,986.75 |
| 7/17/2009 | 2330313 | | | | $41,832.92 | $41,832.92 |

THOMPSON HINE LLP
ATTORNEYS AT LAW

One Atlantic Center, Suite 2200
1201 West Peachtree Street
Atlanta, Georgia 30309-3449

www.ThompsonHine.com
Phone  404.541.2900
Fax  404.541.2905

# EXHIBIT C

# THOMPSON HINE

ATLANTA     CINCINNATI     COLUMBUS     NEW YORK
BRUSSELS     CLEVELAND     DAYTON     WASHINGTON D.C.

September 30, 2009

Ray Story
Smoking Everywhere Inc.
5600 NW 102nd Ave, Suite A
Sunrise, FL 33331

Re:     Engagement of Counsel

Dear Ray:

On behalf of Thompson Hine LLP, I am writing to thank you for the continuing opportunity to work with you and Smoking Everywhere.

At the outset of a new matter, we believe it is important to have a mutual understanding of how we will work together to accomplish your objectives. To do this, we customarily prepare an engagement letter that generally utilizes the following format.    The purpose of this engagement letter is to memorialize in writing the identity of our client, the scope and nature of services we have been asked to provide (including any limitations in that regard), and to agree with you on the terms for the provision of our services. This engagement letter will also explain Thompson Hine LLP's fees, expenses charged to clients, billing policies, and payment terms.

I trust you will accept my use of this relatively standard form letter; our firm wishes to be sure that all of our clients receive comparable information regarding new engagements. Our firm is committed to providing top quality legal representation and services customized to meet the needs of each client, and we very much look forward to working with you. If you have any questions about the provisions of this engagement letter, or if you want to discuss possible modifications, please call me immediately.

Client and Scope of Representation

Our client in this matter will be Smoking Everywhere and one of its officers, Elicko Taieb. This letter confirms our understanding that we have been engaged to represent Smoking Everywhere and Mr. Taieb in connection with the defense of an action brought by the Attorney General of Oregon against Smoking Everywhere Inc. and Elicko Taieb alleging violations of Oregon's Unlawful Trade Practices Act.    You may limit or expand the scope of our representation from time to time, provided that we agree in writing to any substantial expansion.

Walt.Linscott@ThompsonHine.com  404.541.2910                                                   214380.1

THOMPSON HINE LLP          1920 N Street, N.W.          www.ThompsonHine.com
ATTORNEYS AT LAW           Washington, D.C. 20036-1600  Phone 202.331.8800
                                                        Fax 202.331.8330

THOMPSON
   HINE

September 30, 2009
Smoking Everywhere
Page 2

Both the Corporation and Mr. Taieb have the right to retain separate counsel, but each has determined that joint representation by our firm is appropriate for them and recognizes that they can retain their own separate counsel at any time in the future. By participating in this joint representation, each participant will be taking a common position on all issues, and information provided by any one client will be shared with the other. Thus, the protection of the attorney-client privilege will not apply as among the jointly represented clients. Also, if and to the extent potential conflicts might exist outside the scope of this engagement, the conflict will be handled as described under "conflicts" below, except that Thompson Hine LLP would be permitted to remain as counsel for Smoking Everywhere Inc. in the above-described matter.

Legal Fees and Staffing

In order to provide the highest quality legal services in an efficient, cost-effective manner, we involve attorneys and legal assistants at our firm with the experience appropriate to the task at hand. Each individual timekeeper has been assigned an hourly billing rate that is generally based on his or her experience and specialized knowledge.

My standard billing rate is $545 per hour and the rates of Dennis Southard and Eric Heyer are $420 and $300 per hour, respectively. These billing rates are reviewed and revised from time to time to reflect changes in levels of experience and various economic factors. In providing legal services, we may decide that it is necessary or appropriate to involve attorneys and legal assistants whose rates are different than mine, and we will make those decisions with a view to your objective that we provide services in a cost-effective manner.

Our profession's Rules of Professional Conduct generally permit a law firm to consider the following factors in pricing legal services, in addition to regular hourly rates: the novelty and difficulty of the question involved; the skill required to perform the legal services; the likelihood that acceptance of employment will preclude other employment; the fee customarily charged in the locality for similar services; and the amount involved and results obtained. Time limitations imposed by the client or by other circumstances may also be considered in determining an appropriate fee. We may consider any or all of these factors when submitting billings for our services.

Charges and Disbursements

Certain charges and expenses incurred on a client's behalf in rendering legal services, such as facsimile, photocopying, messenger and delivery charges, computerized research, travel expenses, filing fees, and the like, are payable by the client, either directly or by reimbursing our firm. Fees and expenses of others (such as consultants, expert witnesses, appraisers, and local

THOMPSON
HINE

September 30, 2009
Smoking Everywhere
Page 3

counsel) will not be paid by us, but will be forwarded directly to you for payment unless we have a different arrangement in writing. Enclosed is a copy of our policy statement for billing disbursements and charges other than fees for legal services.

Electronic Communication

We communicate from time to time with our clients using facsimile machines, mobile telephones, and e-mail. These forms of communication are not completely secure against unauthorized access. There is some risk of disclosure and loss of attorney-client privilege in using these forms of communication, because they do not ensure the confidentiality of their contents. If you object to our using any one or more of these forms of communication, please let me know immediately, and we will attempt to honor that request.

Travel

All air travel within the continental United States will be at coach fare unless prior approval is obtained from you. Train travel will be charged at our direct out-of-pocket cost. Automotive travel will be subject to reimbursement at the IRS guideline amount or the direct out-of-pocket cost.

Billing

Statements for services rendered and costs advanced by the firm are rendered to clients monthly. In addition, the firm often sends its clients a monthly statement of account, itemizing amounts outstanding as of the date the statement is prepared.

Payment

All statements for services rendered are payable upon receipt, unless other arrangements have been made with the firm in advance. If your payment is delayed beyond 30 days, interest at 1.0% per month will accrue on the unpaid amount, and you may be billed for such accrued interest. Thompson Hine LLP reserves the right to withdraw as counsel for any client that fails to pay bills in a timely manner.

Retainer

It is customary in the provision of legal services to obtain a retainer from clients. Therefore, please send to my attention an initial retainer of $10,000. The firm will hold these funds for a short time as an advance payment for fees and costs incurred on your behalf in this

## THOMPSON HINE

September 30, 2009
Smoking Everywhere
Page 4

manner. We will deposit the funds in a special trust account designated under Ohio law, the "Interest On Lawyer Trust Account" ("IOLTA"). We will deduct fees and costs from the retainer as you incur them, and you may be expected to replenish the retainer in the amount of the deduction on a monthly basis. All statements in excess of the retainer are payable upon receipt, unless other arrangements have been made with the firm. If, on completion of the above referenced matter or the termination of our representation under and pursuant to this engagement letter, the total amount of the legal fees and costs is less than the retainer that is then held in the IOLTA account, we will promptly refund the balance to you.

Client Responsibilities

By agreeing to and accepting our representation as described in this letter, you agree to cooperate fully with us and to provide promptly all information known or available to you relevant to our representation. You will be available to attend meetings, conferences, hearings, and other proceedings on reasonable notice, and you agree to stay fully informed on all developments relating to all matters as to which we have been engaged. You also agree to pay our statements for services rendered and charges in accordance with the terms of this letter.

Term of Engagement

Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable Rules of Professional Conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter and, if you so request, we will suggest to you possible successor counsel and provide it with whatever papers you have provided to us. If permission for withdrawal is required by a court, we will promptly apply for such permission, and we will assist you as you may desire to engage successor counsel to represent you.

Unless previously terminated, our representation of Smoking Everywhere and Elicko Taieb as to the Oregon lawsuit will terminate upon our sending you our final statement for services rendered. During our representation and following such termination, any otherwise nonpublic information you have supplied to us that is retained by us will be kept confidential in accordance with Applicable Rules of Professional Conduct. At your request, your papers and property will be returned to you. Our own files, including lawyer work product, pertaining to the matter will be retained by the firm. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. In order to minimize unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement or the completion of the particular matter.

THOMPSON
  HINE

September 30, 2009
Smoking Everywhere
Page 5

After completion of the Oregon action, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities. Unless you actually engage us after the completion to provide additional advice on issues arising from the matter, the firm has no continuing obligation to advise you with respect to future legal or other developments.

Conflicts

Before preparing this engagement letter, we have conducted an internal check of our records to determine whether or not a conflict may exist with one or more of our existing clients. Based on that check, it appears that no such conflict exists.

Under our profession's Rules of Professional Conduct, we must have undivided loyalty to our clients. This requirement means that a lawyer must refuse to accept or continue employment if the interests of another client may impair the independent professional judgment of the lawyer. In this regard, Thompson Hine LLP represents many other companies and individuals. It is possible that during the time that we are representing Smoking Everywhere and Elicko Taieb, some of our present or future clients will have disputes or transactions with Smoking Everywhere. As a result of these disputes or transactions, conflicts of interest may arise, and, when they do, we will address them with you in a manner consistent with our obligations under the Rules. In circumstances in which the Rules relating to conflicts dictate that we do not represent the other client, we will not do so. In circumstances in which a waiver may be solicited, we may solicit a waiver from you. In circumstances in which a waiver is not required, we may represent the other client. We will protect, however, as required by these Rules, your confidential information or documents entrusted to our care.

Identification Number

Thompson Hine LLP's tax identification number is 34-0575300.

Questions

Please discuss with me any questions you have about any of our services or any statements rendered to you.

The purpose of this letter is to avoid any misunderstanding with respect to the terms of our engagement and the rendering of legal services by Thompson Hine LLP. I ask that you please sign the enclosed copy of this letter on its last page and return it to me. Again, if you have any questions, please call me.

# THOMPSON
# HINE

September 30, 2009
Smoking Everywhere
Page 6

        We truly appreciate this opportunity, and I look forward to working with you and your organization.

                                        Very truly yours,

                                        Kip Schwartz

Enclosures:    Billing & Disbursement Statement [Doc. No. 10134430]
               Counterpart Copy of Letter


AGREED TO AND ACCEPTED:

Smoking Everywhere

By: _____

Name: _RAY STORY_____

Title: _VP / PARTNER_____

Date: _NOV - 6 - 2009_.

By: _____

Name: Elicko Taieb, individually___

Date: _NOV - 6 - 2009_.

Respectfully submitted,

THOMPSON HINE LLP

By:

Thomas Feher
D.C. Bar No. 985161
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Phone: (216) 566-5500
Fax: (216) 566-5800

*Counsel for Plaintiff Thompson Hine LLP*